UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00014-GNS

BRANDY KAY GLASS                                                                                    PLAINTIFF

v.

POLYCONCEPT NORTH AMERICA, INC. et al.                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss (DN 28, 35) and Plaintiff's Motion for Leave to Amend (DN 34). The motions are ripe for adjudication.

### I. BACKGROUND

Plaintiff Brandy Kay Glass ("Plaintiff") was formerly employed by Defendant Polyconcept North America, Inc. ("PCNA") from February to July 2022. On October 24, 2022, Plaintiff filed an EEOC charge, and on October 31, 2022, the EEOC issued a right to sue letter. (Def.'s Reply Mot. Dismiss Ex. A, at 2, DN 44-1; (Am. Compl. Ex. B, DN 24-1).

On January 31, 2023, Plaintiff filed this action against Defendants Polyconcept, and Cara Boyd ("Boyd"), Tom Medice ("Medice"), and Gretchen Lockard ("Lockard") (collectively "Individual Defendants"). (Compl. 2-3, DN 1). Plaintiffs asserted claims, *inter alia*, for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). (Compl. 7-10). Plaintiff subsequently filed the First Amended Complaint in which she amended her claims to be based only on Title VII and the ADA, and also

1

asserted claims against Defendant Leedsworld, Inc. ("Leedsworld").[1] (Am. Compl. 4-5, 23, DN 24).

Individual Defendants and Leedsworld have moved to dismiss the claims asserted against them. (Defs.' Mot. Dismiss, DN 28; Def.'s Mot. Dismiss, DN 35). Plaintiff moved for leave to file a Second Amended Complaint. (Pl.'s Mot. Leave, DN 34).

## II. DISCUSSION

### A. Plaintiff's Motion for Leave to Amend

Plaintiff has moved for leave to file a Second Amended Complaint. While the motions to dismiss were pending, the Court directed Plaintiff to file a proposed Second Amended Complaint by July 22, 2024. Because Plaintiff failed to do so, this motion is denied. (Order, DN 46).

### B. Defendants' Motions to Dismiss

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss, a court must "accept all the Plaintiff's factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further

---

[1] While PCNA had moved to dismiss the initial Complaint, PCNA filed an answer (DN 26) to the First Amended Complaint.

factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

### 1. *Leedsworld, Inc.*

Leedsworld moves to dismiss the claims asserted against it due to Plaintiff's failure to name it in her EEOC charge. (Def.'s Mem. Supp. Mot. Dismiss 1-2, DN 35-1). In the EEOC charge, Plaintiff listed her employer as PCNA. (Def.'s Reply Mot. Dismiss Ex. A, at 2, DN 44-1).

Before a plaintiff may bring a Title VII claim in federal court against his or her employer, the plaintiff must file a charge with the EEOC, and the "[employer] must be named in the EEOC charge before the employer may be sued under [the antidiscrimination law] 'unless there is a clear identity of interest between [the unnamed party] and a party named in the EEOC charge . . . ." *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987) (second alteration in original) (quoting *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984)); *see Smith v. Sofco, Inc.*, 142 F.3d 436, 1998 WL 109997, at *3 (6th Cir. 1998) (analyzing whether there is an identity of interest for an EEOC charge based upon ADA discrimination

An exception to the naming requirement applies "if an 'identity of interest' is found to exist between the named and unnamed parties." *Romain*, 748 F.2d at 245. As the Sixth Circuit has noted, "[t]he 'identity of interest' exception acknowledges the reality that laymen, unassisted by trained lawyers, initiate the process of filing a charge with the EEOC, and accordingly prevents frustration of the remedial goals of Title VII by not requiring procedural exactness in stating the charge." *Id.*

To determine whether this exception applies, however, the Court would have to consider matters outside of the pleadings, which is generally not permitted in ruling on a Fed. R. Civ. P.

3

12(b)(6) motion. *See Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) ("Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010))). Accordingly, this issue is more properly resolved through a summary judgment motion following discovery, and therefore Leedsworld's motion to dismiss is denied. *See Lockhart v. Holiday Inn Express Southwind*, 531 F. App'x 544, 547-48 (6th Cir. 2013) ("[A]t [the motion to dismiss] stage, the record is insufficiently developed to allow us to conduct the identity-of-interest analyses . . . . Some, potentially limited, discovery is necessary before it may be determined whether Defendants have a 'clear identity of interest' with the party named in Plaintiff's EEOC charge. Therefore, it was error for the district court to have dismissed Plaintiff's Title VII claims at this stage in the litigation.").

      In its reply, Leedsworld belatedly raises the relation back doctrine under Fed. R. Civ. P. 15(c)(1)(B), which was not a basis for dismissal raised in its motion. (Def.'s Reply Mot. Dismiss 4, DN 44). "It is well-settled that a movant cannot raise new issues for the first time in a reply brief because consideration of such issues 'deprives the non-moving party of its opportunity to address the new arguments.'" *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012) (citation omitted). Accordingly, this issue will not be considered, and the motion is denied on this basis. *See United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) ("An argument first presented to the Court in a reply brief is waived." (citations omitted)); *see also Jericho Baptist Church Ministries, Inc. (Dist. of Columbia) v. Jericho Baptist Church Ministries, Inc. (Md.)*, 223 F. Supp. 3d 1, 8 n.5 (D.D.C. 2016) ("The court need not, however, consider an argument raised for the first time in a reply brief and declines to do so." (citation omitted)).

### 2. *Boyd, Medice, and Lockard*

Individual Defendants moved to dismiss the claims asserted against them on the basis that Plaintiff has failed to state claims against them under Title VII and the ADA. (Defs.' Mot. Dismiss 2-3). Both Title VII and the ADA do not impose liability on individual defendants who may have been a plaintiff's supervisor or co-worker. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("We [] hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Lee may not maintain an action under the ADA . . . against the individual defendants identified in his complaint because [] the ADA . . . [does not] impose liability upon individuals." (citations omitted)). Accordingly, this motion is granted, and these claims are dismissed.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion to Dismiss (DN 28) is **GRANTED**, and Plaintiff's claims against Defendants Cara Boyd, Tom Medice, and Gretchen Lockard are **DISMISSED**.

2. Plaintiff's Motion for Leave to Amend (DN 34) is **DENIED**.

3. Defendant's Motion to Dismiss (DN 35) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

August 6, 2024

cc: counsel of record
 Plaintiff, *pro se*