UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 1:23-CV-00014-CRS

BRANDY K. GLASS                                                                                          PLAINTIFF

v.

POLYCONCEPT NORTH AMERICA, INC., *et al*                                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on Defendants' unopposed Motion for Summary Judgment (DN 63). On January 31, 2023, proceeding *pro se*, Plaintiff, Brandy K. Glass, filed the Complaint in this action. On December 12, 2023, Plaintiff filed an Amended Complaint against defendants Polyconcept North America, Inc. and Leedsworld, Inc. She alleges that Defendants violated Title VII of the Civil Rights Act ("Title VII") and the Americans with Disabilities Act (the "ADA"). Amended Complaint at PageID# 202 (DN 24). On June 27, 2025, Defendants moved for a summary judgment on all claims (DN 63). Plaintiff has not responded to Defendants' Motion and the deadline for her response has passed. Local Rule of Civil Procedure 7.1(c) ("a party opposing a motion must file a response within 21 days of service of the motion."). Given the record evidence which shows Glass' failure to timely file this action and her failure to exhaust a Title VII claim and given that Glass has waived her opposition to Defendants' Motion by failing to respond to it, the Court will grant Defendants' Motion for Summary Judgment (DN 63).

## BACKGROUND

On October 24, 2022, Glass filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") (DN 62-10 at PageID# 650). She alleged that defendant Polyconcept North America, Inc. employed her and had discriminated against her on the basis of

her disability. *Id.* ("I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990, as amended."). Glass did not allege a violation of Title VII. On October 31, 2022, the EEOC issued a right to sue letter. *Id.* at PageID# 652-53. The EEOC emailed the Notice to Glass on the same day and Glass received it that day. 04/25/2025 Glass Depo. at 121: 5-7; *id.* at 120: 15-16 (DN 62 at PageID# 531, 530, respectively). The EEOC's Notice told Glass that she must file a lawsuit within ninety (90) days of the date on which she received the EEOC's Notice. 10/31/2022 Notice, DN 62-10 at PageID# 654. As noted above, Glass filed the instant lawsuit on January 31, 2023 (DN 1). In addition to other grounds, Defendants have moved for a judgment because Glass did not timely file this lawsuit, barring her claims, and moved for a judgment because Glass did not exhaust her administrative remedies with respect to a Title VII claim. Motion, DN 63, at PageID# 684-86. Both arguments warrant a judgment in Defendants' favor and against Glass on all her claims.[1]

## **ANALYSIS**

*Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). As the plaintiff, Glass bears the ultimate burden of proof on her claims. Thus, it is her "obligation to see that evidence supporting her claims is in the record" and her obligation, in response to a summary judgment motion, to direct the Court's "attention to those portions of the record that support her claims." *Jackim v. Sam's East, Inc.*, 378 F. App'x 556, n.5 (6th Cir. 2010) (unpublished). "When plaintiffs do not provide competent evidence to the court supporting their claims at the proper time, summary judgment is appropriate." *Id.* (citing Fed. R. Civ. P. 56).

---

[1] The Court declines to address Defendants' remaining arguments as these the untimeliness of the lawsuit and the failure to exhaust dispose of all claims.

By failing to respond to Defendants' Motion, Glass has plainly failed to provide competent evidence to support her claims. Such a failure of proof warrants the entry of a judgment in Defendants' favor. *Celotex*, 477 U.S. at 323. Also, by failing to respond to Defendants' Motion, Glass has waived her opposition to it. *Scott v. State of Tenn.*, 878 F.3d 382, 1989 WL 72470 at *2 (6th Cir. 1989) (unpublished table decision) ("if a plaintiff fails to respond or otherwise address a defendant's motion, then the district court may deem the plaintiff to have waived opposition"). At the same time, Defendants have presented record evidence which shows that they are entitled to a judgment as a matter of law on Glass' claims. These circumstances warrant entry of a judgment for Defendants. *Id.; F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014) (court must review record submitted by movant to determine whether dispute of fact exists).

Glass failed to exhaust her administrative remedies with respect to a Title VII claim. "The exhaustion of administrative remedies is a condition precedent to a Title VII or ADA action." *Williams v. Northwest Airlines, Inc.*, 53 Fed. Appx. 350, 351 (6th Cir. 2002) (citing *Zipes v. TWA*, 455 U.S. 385, 392-98). Thus, the failure to exhaust administrative remedies is an appropriate ground for dismissal. *Id.* To exhaust administrative remedies, a plaintiff must timely file an EEOC charge. *Id.* (citing 42 U.S.C. § 2000e–5(e)). Here, Glass did not include a Title VII claim in her EEOC charge. DN 62-10 at 650 (alleging violation of ADA only). Thus, Glass has failed to exhaust a Title VII claim, warranting a judgment in Defendants' favor on it.

Even if Glass had exhausted her Title VII claim, her claim would be dismissed. Title VII requires that a complaint be filed within ninety (90) days after the EEOC's right to sue letter is received. 42 U.S.C. § 2000e-5(f)(1); *Peete v. Amer. Standard Graphic*, 885 F.2d 331 (6th Cir. 1989). The same is true for ADA discrimination claims. 42 U.S.C. § 12117(a) (procedures under ADA shall be same procedures provided in § 2000e-5). It is undisputed that ninety-two (92) days

3

elapsed between Glass' receipt of the EEOC's right to sue letter and the date on which she filed the Complaint in this action. Glass testified that she received the EEOC's Notice on October 31, 2022: "Q" Did you receive it on the 31st?  A. "I did receive it on the 31st . . . ." 04/25/2025 Glass Depo. at 120: 15-16 (DN 62 at PageID# 530). Glass filed her Complaint on Tuesday, January 31, 2023. The difference between those dates is ninety-two (92) days. As a result, Glass filed this lawsuit too late and Defendants are entitled to a judgment as a matter of law on both her Title VII claim and her ADA claim as a result. *Peete*, 885 F.2d at 332 (holding suit proper dismissed as untimely when 91 days elapsed between EEOC's right to sue letter and date on which plaintiff filed complaint); *see also Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by a single day.").

Moreover, given that Glass has not opposed Defendants' summary judgment Motion, she has waived opposition to it in any event. *Scott*, 878 F.3d 382, 1989 WL 72470 at *2. At the same time, Defendants have presented record evidence establishing that Glass' lawsuit is untimely. These circumstances warrant entry of a judgment for Defendants on all claims. *Id.; F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014) (court must review record submitted by movant to determine whether dispute of fact exists). Given that Glass has waived any opposition to Defendants' Motion for Summary Judgment and given that Defendants have presented evidence which shows they are entitled to a judgment as a matter of law, the Court will grant Defendants' Motion for Summary Judgment (DN 63) and enter a judgment in their favor as to all claims.

September 16, 2025



Charles R. Simpson III, Senior Judge
United States District Court